UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMILCAR MENDEZ ESTEBAN,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, Acting Boston ICE Field Office Director, ANTONE MUNIZ Superintendent of Plymouth County Correctional Facility, MICHAEL KROL, HSI New England Special Agent in Charge, TODD LYONS, Acting Director, U.S. Immigrations and Customs Enforcement, and KRISTI NOEM, U.S. Secretary of Homeland Security<br><br>Respondents. | Case No. 25-cv-12450<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION AND FACTUAL BACKGROUND

Petitioner is a Guatemalan national who entered the United States on December 20, 2017, with his mother and sister. They fled multiple forms of harm in Guatemala, including severe abuse, violence, and death threats based on their indigenous race and family membership. Petitioner was thirteen years old at the time they fled Guatemala. Petitioner's father died on his way to the United States after fleeing the country due to violence and death threats against him because of his race and political activism.

Since his entry, Petitioner resided in Lynn, Massachusetts until, most recently, when he was detained by ICE in August 2025. In Lynn, Petitioner resided with his partner and his 2-year-

1

old U.S. citizen daughter. Petitioner previously worked as a logger to financially support his family.

Petitioner currently has two pending immigration applications. First, Petitioner has an asylum application pending at the Chelmsford Immigration Court.[1] Petitioner also has an application for Special Immigrant Juvenile Status (SIJS) pending with the United States Citizenship and Immigration Services (USCIS). Both applications, if granted, will provide Petitioner with a pathway to obtain lawful status in the United States.

*Issuance of ICE Directive 11064.4*

In July 2025, the U.S. Immigration and Customs Enforcement (ICE) issued a policy directive pertaining to detention and removal of noncitizen parents of minor children. See U.S. ICE, Directive 11064.4: Detention and Removal of Alien Parents and Legal Guardians of Minor Children (July 2, 2025), *available at* https://www.ice.gov/doclib/foia/policy/11064.4.pdf (last accessed Sept. 3, 2025) (Directive).

The Directive sets forth at the outset that it is ICE's policy to "ensure that [its] enforcement actions do not unnecessarily infringe upon the legal parental or guardianship rights and obligations of [noncitizen parents or legal guardians who are primary caretakers of minor children in the United States]." Id. at 1. In furtherance of this policy, the Directive limits an ICE Field Office's ability to transfer a detained noncitizen parent from one Area of Responsibility (AOR) to another. Specifically, the Directive directs the Field Offices to "refrain from subsequently transferring the [noncitizen] outside of the AOR" if the detained individual's "minor child(ren) . . . are within the

---

[1] Because Petitioner entered the United States with his mother at the time he was a minor, the Immigration Court had consolidated his removal case with his mother's case. Petitioner's mother filed her asylum application on January 14, 2019 on which Petitioner was listed as a derivative; Petitioner also filed a standalone asylum application on September 20, 2020. However, following Petitioner's detention, the Immigration Court severed his case from his mother's, and thus, Petitioner is no longer a derivative on his mother's application for asylum.

AOR of initial apprehension or detention placement" unless it is operationally infeasible or dictated by exceptional circumstances or legally required. Id. at 5-6. Moreover, the Directive provides "ICE will facilitate a means of regular visitation with the minor child(ren)." Id. at 7.

*Petitioner's Arrest and Detention*

On or around August 19, 2025 Petitioner was arrested for allegedly operating a motor vehicle under the influence of alcohol (OUI). Upon information and belief, on August 19, he was arrested by ICE Boston Field Office[2] agents during or after his arraignment for the OUI charge in Lynn District Court. Petitioner was subsequently detained in Plymouth County Correctional Facility in Plymouth, MA. A day later, on August 20, Petitioner's immigration counsel emailed the Boston Field Office, with a copy of his notice of appearance (Form G-28), to inform the office that Petitioner had a minor child living in their AOR and to request he not be transferred outside of the AOR pursuant to the Directive. Upon information and belief, Petitioner was later shown a document by an ICE officer with his immigration counsel's address on it and was informed that he would be detained at Plymouth during the course of his removal proceedings because he has a minor child who he cares for.

Petitioner's first immigration court hearing post-detention was held on September 2, 2025. The following morning, Petitioner's immigration counsel called the Plymouth County Correctional Facility where Petitioner had been detained. However, Counsel was informed that Petitioner was "gone," but the officer could not provide a location where he was moved, other than to say he was "probably at Burlington," referring to ICE's Boston Field Office. Nonetheless, the ICE locator still showed him as detained in Plymouth County Correctional.

---

[2] The Boston Field Office's Area of Responsibility encompasses Connecticut, Maine, Massachusetts, New Hampshire, Rhode Island, and Vermont. See U.S. ICE, Boston Field Office, *available at* https://www.ice.gov/field-office/boston-field-office (last accessed Sept. 3, 2025).

The same morning, Counsel also spoke with Petitioner's mother, who stated that at 9 a.m., an unidentified person called her to tell her that her son had been moved out of Plymouth at 3 a.m. that morning. She provided the number from her caller ID—774-494-6017—which counsel identified as a telephone number at Plymouth County Correctional Facility.

At no point has Petitioner's counsel been notified of his impending transfer, despite multiple inquiries to ICE's Field Office in Burlington. As of September 4, 2025, at 12:01 a.m., ICE's Online Detainee Locator has not been updated with his new detention location. Instead, it shows he is purportedly still detained in Plymouth. Further, counsel has attempted to communicate with ICE by phone and email to ascertain Petitioner's location and transfer destination but has not received an answer. Petitioner files this instant Habeas action to prevent ICE from relocating him outside the District of Massachusetts, or in the alternative, Boston Field Office's AOR.

## JURISDICTION

1. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

2. Venue is proper because Petitioner resides and was detained in Plymouth, MA, and upon information and belief is presently detained in the District of Massachusetts.

## PARTIES

3. The Petitioner Amilcar Mendez Esteban is a 21-year-old man who works as a logger. He resides with his partner and 2-year-old U.S. citizen daughter in Lynn, Massachusetts.

4. Respondent Patricia Hyde is the New England Field Office Director for U.S. Immigration and Customs Enforcement.

5. Respondent Antone Muniz is the Superintendent of Plymouth County Correctional Facility, where Petitioner has been detained.

6. Respondent Michael Krol is the New England Special Agent in Charge for Homeland Security Investigations for U.S. Immigration and Customs Enforcement.

7. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

8. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

9. All respondents are named in their official capacities.

10. Upon information and belief, Petitioner is currently still in custody in the District of Massachusetts, and one or more of the Respondents is his immediate custodian.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of the Administrative Procedure Act

1. Petitioner re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

2. Under the Administrative Procedure Act (APA), the reviewing court shall "hold unlawful and set aside agency action . . . found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706.

3. "It is well established that an agency acts arbitrarily . . . when it does not follow its own procedures." Bos. Dist. Council of Carpenters v. U.S. Dep't of House. & Urb. Dev., No. 93-cv-10439, 1993 WL 131445, at * 2 (D. Mass. Apr. 13, 1993) (citing United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268 (1954)); see also Torres v. U.S. Dep't of Homeland Sec., No. 17-cv-01840, 2017 WL 4340385, at * 5 6 (S.D. Cal. Sept. 29, 2017)

(holding that "[the] failure [of Defendants, namely, DHS, USCIS, ICE, and CBP] to follow the termination procedures set forth in the [DACA Standard Operating Procedures] is arbitrary, capricious, and an abuse of discretion" because "[w]hile Defendants are granted broad discretion to commence, adjudicate, and execute removal orders, a fundamental principle of federal law is that a federal agency must follow its own procedures" (citations omitted)).

4. Here, despite the clear directive against the transfer of detained noncitizen parents to outside of the Field Office's AOR, and a verbal assurance given to Petitioner that he would remain at Plymouth pursuant to the Directive, Respondents arbitrarily and capriciously transferred Petitioner out of Plymouth at 3 o'clock in the morning without notifying Petitioner's counsel. Petitioner's is currently thought to be detained at the Boston Field Office in Burlington, MA.

5. Transferring Petitioner out of the AOR would cause significant harm to his 2-year-old U.S. citizen daughter who needs, given her young age, regular and frequent in-person visits with her father for her emotional stability and well-being. Additionally, it will also infringe upon Petitioner's legal parental rights as he would be denied in-person visits with his own child. To be sure, no court has found Petitioner unfit to care for his child.

6. Transferring Petitioner out of the Boston Field Office AOR squarely contravenes the goal of the ICE Directive, which is to ensure ICE "enforcement actions do not necessarily infringe upon [the noncitizen parent's] legal parental" rights, and is therefore arbitrary, to say the least.

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(3) Declare that Petitioner's transfer outside the Boston Field Office's Area of Responsibility violates the Administrative Procedure Act.

(4) Issue a Writ of Habeas Corpus enjoining Respondents from transferring Petitioner outside the ICE Boston Field Office's Area of Responsibility.

(5) Grant any further relief this Court deems just and proper.

Respectfully submitted,

Amilcar Mendez Esteban,
By and Through His Attorneys,

/s/ Annery Miranda
Annery Miranda, Esq.
Greater Boston Legal Services
197 Friend Street, 8th Floor
Boston, MA 02114
BBO# 712373
(617) 669-2440
amiranda@gbls.org

*Counsel for Petitioner*

Dated: September 4, 2025